The **FERRO ENGINEERING CO.,**
Plaintiff,

v.

**Robert C. WATSON, Commissioner, U. S. Patent Office, Defendant.**

No. 2564–55.

United States District Court
District of Columbia.
April 10, 1957.

---

Watts Estabrook, Washington, D. C., and Arthur Hudson, Cleveland, Ohio, for plaintiff.

Samuel W. Cochran, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action against the Commissioner of Patents under 35 U.S.Code, § 145 to secure an adjudication that the plaintiff is entitled to a patent on an application that has been rejected by the Commissioner.

The application in question is No. 2,036,666, filed on December 30, 1950, by Walter M. Charman and Benjamin F. Anthony, who assigned it to the plaintiff. It is entitled "Hot-top for Ingot Molds".

The invention relates to the casting of steel in ingot molds. It was found at an early date that when steel ingots are poured into a mold, a cavity generally called a "pipe" is formed in the center of the ingot as the metal begins to solidify. To prevent this result, it was found necessary to use an excess of molten steel at the top of the mold in order that liquid steel might fill this cavity as it is created. To accomplish this object, an apparatus known as a "hot-top" is placed on top of the mold. The "hot-top" is in effect a box-like structure having no top or bottom. It is inserted into the top of the mold so that its lower portion rests inside the mold and its upper portion above it. The "hot-top" is made in part of insulating material so as to maintain a sufficient quantity of steel in molten condition in order to cause the cavity to be filled.

One of the undesirable effects of this operation consisted in the fact that a considerable amount of excess steel remained in the "hot-top" after the cavity was filled. The inventors in this case attempted to devise an improved "hot-top" that would substantially reduce the volume of the excess steel. Their specific invention consists of lining the inside of the "hot-top" with a porous brick wall, and then in turn lining the porous brick wall with a veneer of refractory material on the outside.

This combination creates a better insulating apparatus than was true of earlier "hot-tops". This improved device absorbs less heat from the molten steel, causing it to solidify slower than had been previously the case. Thereby a smaller excess of material is left, and less steel need be used in the operation. The previous usage was to line the "hot-top" with solid fire brick, while the invention in this case consists of substituting for the fire brick, a porous brick with a veneer of refractory material.

The Patent Office relies principally on two items of prior art. First is the patent to Forrest issued on October 14, 1930, No. 1,778,316. This patent discloses a veneer that perhaps is somewhat similar to that disclosed in the present application, but Forrest continues to use solid fire brick instead of substituting the porous brick of the invention. It must be emphasized that the use of porous brick is one of the essen-

tial and most important steps taken by the applicants.

The second patent principally relied on by the Patent Office is the patent to Gathmann, No. 1,739,222, issued on December 10, 1929. It discloses an inner porous lining. Gathmann, however, covers the inner porous lining with a hard outside material that does not have the same insulating property as the refractory veneer of the invention.

Thus neither patent discloses the two steps taken by the inventors in this case,—the substitution of porous brick for the fire brick wall, and the use of a refractory veneer to cover the porous brick. This is the combination that creates the better insulating apparatus resulting in eliminating the necessity for part of the excess metal in the operation.

▇ The Court is of the opinion that the step taken by these inventors is far from obvious. It does seem simple, perhaps, in retrospect, but hindsight is always better than foresight. The achievement of the inventors is a product of the inventive faculty. Consequently, the Court concludes that the plaintiff is entitled to a patent on those claims that relate to the "hot-top" containing the two features that have just been summarized.

▇▇ The application also contains several method or process claims. An examination of those claims indicates, however, that they are in effect nothing but a summary of the function and the manner of operation of the specific apparatus covered by the apparatus claims. It is well established that process claims may not be allowed on the function of a particular apparatus or a specific product.[1] Consequently, the Court is of the opinion that the Patent Office properly disallowed the process claims.

[1] In re Weston, 17 App.D.C. 431, 436 et seq. Black-Clawson Co. v. Centrifugal Engineering & P. Corp., 6 Cir., 83 F. 2d 116, 119. It is stated in the last mentioned case that: "It is now well settled that operations which consist

▇ Claim 9 does not specifically mention the two inventive features to which reference has been made, but contains a summary in effect of a specific detailed structure or a particular mechanical arrangement of the various elements of the invention. The Court is of the opinion that this claim does not cover a product of the inventive faculty, but merely relates to a result of mechanical skill.

Accordingly, judgment will be rendered for the plaintiff to the effect that it is entitled to a patent on claims 5, 6, 7, 8, 10 and 11. It is not entitled to a patent on claims 1 to 4, inclusive, and claim 9.

Counsel will please submit proposed findings of fact and conclusions of law and judgment. The Court would like to have this done promptly.

entirely of mechanical transactions, and which are only the peculiar functions of the respective machines which are constructed to perform them, do not constitute processes which are patentable in the United States."